UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

QUENTIN LAGRANDE,

      Plaintiff,

  v.             1:15-CV-275
                 (DNH/CFH)
BIMBO BAKERIES USA; BAKERY,
CONFECTIONARY, TOBACCO WORKERS &
GRAIN MILLERS INTERNATIONAL,
AFL-CIO LOCAL 53,

      Defendants.

---

APPEARANCES:

QUENTIN LAGRANDE
Plaintiff Pro Se
276 Sheridan Avenue
Albany, New York 12210

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

On December 8, 2014, the Court received for filing from plaintiff Quentin LaGrange a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. and the Civil Rights Act of 1991. Dkt. No. 1 ("Compl."). Plaintiff alleges that he was discriminated against by his employer, defendant Bimbo Bakeries, on the basis of his race and disability in that he was subject to unequal terms and conditions of employment, retaliation, and termination of employment. Id. at 1. He seeks reinstatement of his employment as well as punitive and compensatory relief. Id. at 5.

Pursuant to a prior order of this Court enjoining plaintiff from filing "any document" in the Northern District of New York without prior approval of the Chief Judge (Dkt. No. 1-2, at

4), plaintiff requested leave to file this action, which was granted. Dkt. No. 1-3. In filing his complaint, plaintiff failed to pay the filing fee or submit an In Forma Pauperis ("IFP") application. The Court directed the Clerk to administratively close the case with opportunity to comply with the filing fee requirement. Dkt. No. 3. On March 16, 2015, plaintiff submitted an IFP application (Dkt. No. 4) and a letter requesting an "extension" until April 17, 2015 to submit an amended complaint "due to the fact that [he] ha[s] both a labor and employment matter that both transpired from the same action of discrimination" (Dkt. No. 5).

I. **IFP**

Turning to plaintiff's IFP application, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this matter IFP.[1]

II. **Initial Review**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Here, plaintiff's complaint provides that he was discriminated against on the basis of

---

[1] Plaintiff should note that although his in Forma Pauperis Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

2

his race or color and disability. Compl. at 2-4. He further provides that the action involves termination, unequal terms and conditions of employment, and retaliation. Id. However, plaintiff provides no factual background or specific allegations about these claims. Plaintiff attaches to his complaint two forms from the U.S. Equal Employment Opportunity Commission ("EEOC") dismissing his complaint. Id. at 4-5. Even though the EEOC dismissal may be incorporated into the complaint by reference, these forms – which provide no factual background and merely provide that the EEOC "has adopted the findings of the state or local fair employment practices agency that investigated this charge" – are insufficient to satisfy the pleading requirements and state a cause of action. Id. at 6-7.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at

3

8(d).

> Further, Rule 10 of the Federal Rules provides in pertinent part that:
>
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

Here, plaintiff's complaint is wholly void of any factual background or explanation of the alleged discrimination on the basis of race or disability, retaliation, unequal terms and conditions of his employment, nor his termination. Thus, it fails to state a claim upon which

4

relief can be granted.  Further, plaintiff has failed to comply with Federal Rules of Civil Procedure 8 and 10 in that he does not set forth any factual allegations relating to his claims against defendant for discrimination. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

However, in light of plaintiff's pro se status, the undersigned recommends that, prior to dismissing this action, plaintiff be directed to amend his complaint to provide specific, clear, and concise details regarding his claims of discrimination based on race/color and disability. Specifically, plaintiff is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted).  Plaintiff will have to allege specific facts sufficient to plausibly state that the named defendants deprived him of constitutional or statutorily-protected rights.

The Court recognizes that plaintiff has also filed a letter motion requesting an "extension" of time to amend his complaint.  Dkt. No. 5.  First, the Court recognizes that plaintiff is required to submit with "any document" he wishes to file in this District an "Application Pursuant to Court Order Seeking Leave to File," along with "a copy of the document(s) he wishes to file." Dkt. No. 1-2, at 4.  Although this letter request does not contain this specific title and was not submitted to the attention of the Chief Judge, the undersigned concludes that the request substantially complies with the directives of this Court's prior order (Dkt. No. 1-2).  The undersigned interprets plaintiff's submission as an application for leave to file an amended complaint and an extension of time to file that complaint; however, because the undersigned is recommending that plaintiff's complaint be

dismissed without prejudice and with leave to amend, it is recommended that the letter motion requesting permission to amend the complaint (Dkt. No. 5) be dismissed as moot. Should this Report-Recommendation and Order be adopted in full, plaintiff will receive the relief requested in that he will be permitted to file his amended complaint within thirty days of the District Court Judge's Order adopting the Report-Recommendation and Order.

### III. **Conclusion**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk reopen this action and restore it to the Court's active docket; and it is further

**ORDERED** that plaintiff's letter request for permission to file an amended complaint and extension of time to file an amended complaint (Dkt No. 5) be **DISMISSED** as moot in light of the undersigned's recommendation; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, plaintiff's complaint be **DISMISSED** for failure to state a claim and comply with the pleading standards; and it is further

**RECOMMENDED** that, alternatively, in light of his pro se status, prior to dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his complaint to provide sufficient facts that would support his claim for entitlement to relief; and it is further

**RECOMMENDED** that if this Report-Recommendation and Order is adopted in full, plaintiff will be allowed **THIRTY (30)** days from the date of that Order adopting this Report-

Recommendation and Order to file his amended complaint; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: March 17, 2015
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge