UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUENTIN LA GRANDE,

        Plaintiff,

        -v-                               1:15-CV-275

BIMBO BAKERIES USA doing business as
Friehofers, BAKERY, CONFECTIONERY,
TOBACCO WORKERS AND GRAIN
MILLERS INTERNATIONAL UNION
(International Union), BAKERY,
CONFECTIONERY, TOBACCO WORKERS
AND GRAIN MILLERS INTERNATIONAL
UNION (Local 53), JOHN DEWITTE,
Bimbo Bakeries Product Manager, THOMAS
BUSH, Shop Steward, DAVID PHILLIPS,
Bimbo Bakeries Bread Plant Trainer/Bread
Bagger Trainer, PAT ROHAN, Local Union
Business Agent, JARED CUMMINGS, Shop
Steward, MICHELLE SHIRRON, ERIC
FUTCHEY, CHRIS LAZETTE, and ART
MONTIMY,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                            OF COUNSEL:

QUENTIN LA GRANDE
Plaintiff, Pro Se
276 Sheridan Avenue
Albany, NY 12210

WHITEMAN, OSTERMAN LAW FIRM            HEATHER D. DIDDEL, ESQ.
Attorneys for Defendants Bimbo Bakeries        ROBERT S. ROSBOROUGH IV, ESQ.
   USA, John Dewitte, Thomas Bush,           VITALIY VOLPOV, ESQ.
   David Phillips, Jared Cummings,
   Eric Futchey, and Chris Lazette

| | |
|---|---|
| BREDHOFF & KAISER PLLC<br>Attorneys for Defendants Bakery,<br>   Confectionery, Tobacco Workers and<br>   Grain Millers International Union<br>   (International Union), Michelle Shirron,<br>   and Art Montimy<br>805 15th Street NW<br>Washington, DC 20005 | THOMAS W. PEREZ-LOPEZ, ESQ. |
| MIGUEL G. ORTIZ, ESQ.<br>Attorneys for Defendant Bakery,<br>   Confectionery, Tobacco Workers and<br>   Grain Millers International Union<br>   (International Union)<br>P.O. Box 172<br>Selkirk, NY 12158 | MIGUEL G. ORTIZ, ESQ. |
| PITTA, GIBLIN LAW FIRM<br>Attorneys for Defendants Bakery,<br>   Confectionery, Tobacco Workers and<br>   Grain Millers International Union<br>   (Local 53) and Pat Rohan<br>120 Broadway, 28th Floor<br>New York, NY 10271 | BARRY N. SALTZMAN, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On December 8, 2014, plaintiff Quentin La Grande ("La Grande" or "plaintiff"), proceeding pro se, requested leave to file a civil action[1] asserting claims for employment discrimination and retaliation against defendants Bimbo Bakeries USA ("BBU") and the

---

[1] An anti-filing injunction order entered against La Grande on May 12, 2008 permanently enjoined him from filing as a pro se litigant "any document of any kind in this District without prior approval of the Chief Judge."

Bakery, Confectionery, Tobacco Workers, and Grain Millers International Union, Local 53 ("Local 53").

On March 9, 2015, then-Chief United States District Judge Gary L. Sharpe granted La Grande's request and directed the Clerk of the Court to open this civil action. However, because plaintiff had failed to either pay the required filing fee or submit an application for leave to proceed in forma pauperis ("IFP"), this case was administratively closed three days later. The administrative closure order afforded plaintiff thirty days in which to comply with the filing fee requirements for civil actions in this District. Thereafter, plaintiff timely moved for leave to proceed IFP as well as for an extension of time to amend his complaint. The Clerk of the Court restored this case to the active docket so that plaintiff's submissions could properly be considered.

On March 16, 2015, United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order granting La Grande's IFP application but nevertheless recommending that his complaint be dismissed for failure to state any claims, since the document did not comply with the basic pleading standards set forth in the Federal Rules of Civil Procedure. Judge Hummel also recommended that plaintiff be afforded an opportunity to amend his complaint. Plaintiff timely objected to these findings and recommendations.

On April 1, 2015, a Decision and Order issued accepting in whole Judge Hummel's Report-Recommendation. Accordingly, La Grande's complaint was ordered dismissed "unless, by May 1, 2015, plaintiff file[d] an amended complaint curing the deficiencies addressed in the Report-Recommendation." Plaintiff submitted an amended complaint in accordance with this directive on April 27, 2015.

On October 1, 2015, Judge Hummel issued a Decision and Order accepting La Grande's amended complaint for filing, setting forth the deadlines for the various named defendants to respond to this newly operative pleading, and directing the Clerk of the Court to schedule an initial conference. As Judge Hummel observed, plaintiff's amended complaint added a number of allegations and identified almost a dozen new defendants.

All told, La Grande's operative complaint identifies three distinct groups of defendants.[2] First, plaintiff identifies the Local 53, Shop Steward Jared Cummings ("Cummings"), and Local Union Business Agent Pat Rohan ("Rohan") (collectively the "Local 53 defendants"). Second, plaintiff identifies the Bakery, Confectionery, Tobacco Workers, and Grain Millers International Union (the "International Union"), Art Montminy ("Montminy"), and Michele Shirron ("Shirron") (collectively the "International Union defendants"). Third, plaintiff identifies BBU, Bakery Product Manager John Dewitt ("Dewitt"), Shop Steward Thomas Bush ("Bush"), Bakery Bread Plant Trainer/Bread Bagger Trainer David Phillips ("Phillips"), Eric Frutchey ("Frutchey"), and Christina Lezatte ("Lezatte") (collectively the "BBU defendants").

On February 26, 2016, the Local 53 defendants, the International Union defendants, and the BBU defendants (collectively "defendants") moved to dismiss various aspects of La Grande's amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that plaintiff had failed to state claims upon which relief could be granted.[3] Rather than file an opposition to one or more of these motions, plaintiff filed a motion requesting a

---

[2] The precise spelling of the names of some of the defendants differs from that set forth plaintiff's operative complaint. For ease of reference, the spelling utilized by the parties themselves will be adopted here.

[3] The BBU defendants also invoked Rule 12(b)(1) to dismiss certain causes of action.

"120-Day Emergency Stay," which Judge Hummel denied by text order dated March 22, 2016. At the time, Judge Hummel also provided plaintiff a forty-five day extension of time until May 6, 2016 to respond to the dispositive motions filed by defendants.

On May 6, 2016, rather than comply with Judge Hummel's prior order, La Grande filed another request for a "120-Day Emergency Stay." Judge Hummel again denied plaintiff's request for a stay and granted a second extension of time until May 27, 2016 to respond to the dispositive motions that remained pending in this matter. Plaintiff appealed from Judge Hummel's adverse decision, which was rejected by this Court on May 20, 2016. That same day, plaintiff again moved before Judge Hummel seeking "reconsideration" of the prior order denying a request for a stay of the proceedings. Plaintiff's request was again denied.

On June 3, 2016, La Grande submitted a motion to this Court requesting reconsideration of his motion for a stay as well as requesting reassignment of this case to a different Magistrate Judge. Those requests were denied.

To date, La Grande has failed to respond in opposition to any of the dispositive motions pending in this matter despite having been afforded a significant number of opportunities to do so. However, mindful that "failure to respond to a Rule 12(b)(6) motion cannot constitute default justifying dismissal of the complaint," La Grande v. DeCrescente Distrib. Co., Inc., 370 F. App'x 206, 209 (2d Cir. 2010) (summary order), the three pending motions will be considered on the basis of the presently available submissions and without oral argument.

## II. **BACKGROUND**[4]

La Grande, an African-American, was hired to work at BBU. Phillips, who was supposed to train him as a Bread Bagger, "engaged in inapproiate [*sic*] conversations with [plaintiff] regarding [his] race, and ask[ed] [him] personal questions about [his] father's finances." Plaintiff complained to an unnamed manager "to no avail." According to plaintiff, Phillips made racial statements to plaintiff and also gave negative feedback about plaintiff to his superiors at BBU. Plaintiff asserts that Frutchey and another manager witnessed Phillips's conduct but did not stop it.

Dewitt, the Bakery Product Manager, also made statements to La Grande about his race and gave him a poor work evaluation. According to plaintiff, Dewitt would "yell and shout" at him on a daily basis, but not at "White Production Workers." Among other things, Dewitt would ask him to do a task, "and then lie and say he didn't ask" plaintiff to do that task. Dewitt would also use curse words on a daily basis when speaking to plaintiff. Bush, the Shop Steward, also asked plaintiff "inapproiate" [*sic*] questions. According to plaintiff, Bush once told him that his last name was "not a last name for a Nigger" and that both Bush and Dewitt once "stated they hope all Niggers kill each other." When plaintiff told them to stop, they ignored him. This went on for about "4 or more weeks" until plaintiff was terminated.

Following his termination, Local Union Business Agent Rohan failed to provide La Grande with a copy of the Local 53's collective bargaining agreement or with copies of the union bylaws. According to plaintiff, this was retaliation for making a "verbal complaint" about Bush on several occasions. Plaintiff also asserts that Rohan failed to file a union grievance

---

[4] The following factual allegations are drawn from La Grande's amended complaint, ECF No. 12, and are assumed true for purposes of this motion.

and later conspired with Frutchey, Shirron, Lezatte, and Montminy to "provide the Albany Police Department with a false statement and lies" about how plaintiff "was going to blow up the Bakery." According to plaintiff, this false statement was "motivated because I am African American, and because of my disability; I suffer for Anxiety." Finally, plaintiff asserts that Rohan did not help him despite promising to do so. Plaintiff claims Rohan helped "white employees at Bimbo Bakeries."

### III. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' (FED. R. CIV. P. 8(A)(2)), more than mere conclusions are required." Id. "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.). In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or

incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016)). However, in some cases, "a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." Id.

A document is only "integral" to the complaint "where it relies heavily upon its terms and effect." Goel, 820 F.3d at 559 (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). In other words, mere notice or possession of the document is not enough; rather, the plaintiff must have relied on the terms and effect of the document in drafting the complaint. See id.; see also Nicosia v. Amazon.com, Inc., –F.3d–, 2016 WL 4473225, at *5 (2d Cir. Aug. 25, 2016) (observing that this exception is typically invoked where the unincorporated material is a "contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint").[5]

## IV. DISCUSSION

Although he is proceeding pro se, La Grande is no stranger to litigation in the federal courts. Indeed, as noted above, plaintiff is subject to an anti-filing injunction as a result of his "history of vexatious litigation" and "blatant disregard of the judicial process." In fact, a review of this District's electronic record-keeping system reveals that plaintiff has been

---

[5] Even then, consideration of such material is only proper if it is clear on the record that no dispute exists regarding the authenticity or accuracy of the document and that there are no material disputed issues of fact regarding the material's relevance. Nicosia, 2016 WL 4473225, at *5.

initiating federal litigation in this District for over sixteen years. See, e.g., La Grande v. Key Bank Nat'l, et al., No. 1:00-CV-1195 (HGM/RFT) (race and gender discrimination); La Grande v. Bestemp Select, Inc., et al., 1:03-CV-1276 (LEK/RFT) (race discrimination); La Grande v. Adecco, 1:03-CV-1453 (GLS/RFT) (race discrimination); La Grande v. Empire Blue Cross & Blue Shield, et al., 1:04-CV-373 (NAM/RFT) (age discrimination); La Grande v. Anderson, et al., 1:04-CV-1020 (GLS/RFT) (race discrimination); La Grande v. DeCresente Distrib. Co., Inc., 1:06-CV-467 (FJS/DRH) (race discrimination); La Grande v. Bond, Schoeneck & King, LLP, et al., 1:07-CV-364 (GLS/DRH) (common law causes of action); La Grande v. Albany Police Dep't, et al., 1:07-CV-757 (LEK/DRH) (race discrimination); La Grande v. Lowe's Home Improvement, 1:10-MC-3 (NAM) (race discrimination).

It is thus clear that La Grande is a relatively experienced pro se litigant who is "familiar with the procedural setting presented"; i.e., the motion-to-dismiss threshold that occurs "early in the litigation process." Tracy v. Freshwater, 623 F.3d 90, 102-03 (2d Cir. 2010) (noting that "while a pro se litigant should ordinarily be afforded a substantial degree of solicitude, the exact degree thereof will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant"). Accordingly, plaintiff will be afforded a lessened degree of the special solicitude he would otherwise be due as a pro se litigant asserting a civil rights claim. See, e.g., Braun v. United Recovery Sys., LP, 14 F. Supp. 3d 159, 175 (S.D.N.Y. 2014) (noting that a pro se plaintiff's filing of three other similar actions in the same District constituted sufficient reason to limit the degree of solicitude afforded to him).

With these competing tensions in mind, there are three threshold issues that must be resolved at the outset. First, to the extent La Grande's complaint may be construed as

asserting claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") against Cummings, Rohan, Montminy, Shirron, Dewitt, Bush, Phillips, Frutchey, and Lezatte, these claims must be dismissed because "[e]mployers, not individuals, are liable under Title VII." Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012).

Second, to the extent La Grande's complaint may be construed as asserting any claims pursuant to 42 U.S.C. § 1983, those claims must also be dismissed. To be sure, "public employees aggrieved by discrimination in the terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible persons acting under color of law." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). However, private conduct is not actionable under § 1983, "no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

Each of the individual defendants identified in La Grande's pleading are alleged to be employees of, or otherwise affiliated with, BBU, the Local 53, or the International Union, the three institutional defendants named in this action. Because none of these entities are alleged to be public institutions, the representatives and employees of these institutions named as individual defendants were not acting "under color of state law" for purposes of the wrongful conduct alleged in plaintiff's operative complaint, a conclusion reinforced by the notable absence of any statements in the amended complaint that, liberally construed, might suggest a contrary inference is warranted. Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (dismissing § 1983 claims where plaintiff failed to allege "sufficient facts to support the conclusion that [the union] acted under color of state law").

Third, to the extent La Grande has nominally invoked the Americans with Disabilities

Act ("ADA") or 42 U.S.C. § 1981, those claims are also dismissed.[6] With respect to the former statute, the only statement related to any possible ADA-based claim that can be discerned anywhere from the face of plaintiff's amended complaint is a brief reference appended to one of his race discrimination allegations that states as follows: the false statement made about him blowing up BBU after he was terminated "was motivated because [he is] African American, and because of [his] disability; [he] suffer[s] for [*sic*] Anxiety." Notably, plaintiff's complaint does not include any other allegations that might support this free-standing allegation or that might be read to tie his alleged disability to any of the other wrongful conduct that might have occurred during his actual period of employment with BBU. Instead, the statements in his pleading focus on instances of alleged race discrimination.

With respect to the latter statute, the *only* reference to § 1981 in La Grande's entire pleading is contained in plaintiff's prayer for relief—it is simply a bare citation to the statute itself included near the end of the document. These two inclusions, without anything more, are insufficient to even begin to give fair notice to a defendant of what claim is being asserted.[7] See FED. R. CIV. P. 8.

With these preliminary matters addressed, what remains for consideration are La

---

[6] The BBU defendants also seem to have identified claims pursuant to New York State Human Rights Law, but an independent review of the operative complaint reveals none. Accordingly, this aspect of the BBU defendants' motion to dismiss, which is brought pursuant to Rule 12(b)(1), will not be addressed.

[7] In deciding this issue, it is recognized that § 1981 permits individual liability for unlawful race discrimination on the part of non-employers. See, e.g., Johnson v. Long Island Univ., 58 F. Supp. 3d 211, 220 & n.5 (E.D.N.Y. 2014). However, two important considerations bear on this issue. First, a review of plaintiff's extensive litigation history reveals that he is more than passingly familiar with what is required of him at the initial stage of federal litigation in order to make a threshold showing and state a claim, since numerous courts in this District have repeatedly instructed plaintiff in significant detail about these exact threshold issues. Second, and relatedly, a review of Judge Hummel's October 1, 2015 Order accepting the amended complaint for filing reveals that these individual defendants were added sua sponte, at the Court's direction, out of heightened solicitude to plaintiff's pro se status. Accordingly, in light of the governing law, the lack of any supporting references to this statute, and the lessened degree of solicitude appropriately afforded to plaintiff at this stage of his case, plaintiff's pleading is construed to only press Title VII claims.

Grande's Title VII race discrimination claims against BBU as well as his representation-based claims against the Local 53 and the International Union. Notably, however, BBU has not sought dismissal of any of plaintiff's Title VII race discrimination claims at this juncture.[8] ECF No. 38-11, 6 n.2. Accordingly, only the sufficiency of plaintiff's claims against the Local 53 and the International Union need to be addressed at this time.

"Title VII claims against labor organizations are subject to an analysis different from that applicable to Title VII claims against employers." Oparaji v. United Fed'n of Teachers, 418 F. Supp. 2d 139, 146 (E.D.N.Y. 2006). "To establish a Title VII claim concerning representation by a union of its member's interests, the plaintiff must first demonstrate that the union breached its duty of fair representation to the member." Id. "Then, the plaintiff must show some indication that the union's actions were motivated by unlawful discrimination or retaliation." Id.

To the extent La Grande has attempted to state claims against the International Union, those claims must fail for two, independent reasons. First, plaintiff's pleading fails to articulate what, if any, conduct is attributable to the International Union (or its agents) and instead sets forth allegations focused only on conduct attributable to the Local 53, Local 53 Shop Steward Bush, and Local 53 Business Agent Rohan. Second, a review of the Collective Bargaining Agreement ("CBA") that governed the terms of plaintiff's employment with BBU reveals that it was the Local 53, not the International Union, who owed plaintiff a

---

[8] To the extent the BBU defendants incorporate the res judicata argument made in the Local 53 defendants' brief, it is rejected at this juncture. "Res judicata applies where a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." Hanrahan v. Riverhead Nursing Home, 592 F.3d 367, 368 (2d Cir. 2010). In this case, La Grande filed his federal complaint on December 8, 2014, approximately one month before his administrative appeal was dismissed in Supreme Court, Albany County, on January 8, 2015.

duty of fair representation.[9]  Cf. Sanceverino v. Union Local 445, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 510 F. Supp. 590, 592 (S.D.N.Y. 1981) (acknowledging that a claim may not be asserted against a parent labor organization where only the local union is party to the CBA); see also Aponte v. Buono, 2011 WL 6812924, at *4 (E.D.N.Y. Dec. 28, 2011) ("The duty of fair representation owed by a union to its members stems from a union's authority under the National Labor Relations Act to be the exclusive representative of all employees in a bargaining unit.").  Accordingly, plaintiff's claims against the International Union must be dismissed.

Finally, La Grande's complaint is construed to assert two different claims against the Local 53.  First, plaintiff asserts that he complained to Rohan, the "Business Agent with Local 53," about racial harassment by Cummings and Bush.  According to plaintiff, Rohan failed to file a grievance with BBU related to this harassment.  Second, plaintiff alleges that the Local 53 failed to arbitrate his termination even though Rohan helped other white employees.

Generally speaking, "a union breaches its duty of fair representation if its actions are deliberately invidious, arbitrary or founded in bad faith." Oparaji, 418 F. Supp. 2d at 147 (citations and internal quotation marks omitted).  However, "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational."  Perero v. Hyatt Corp., 151 F. Supp. 3d 277, 284 (E.D.N.Y. 2015) (citations omitted).

---

[9] Although La Grande did not attach the CBA to his pleading, the claims he seeks to assert against the unions are necessarily based on the existence of an agreement between his employer and his union.  Accordingly, they may be considered at the motion to dismiss stage.  See, e.g., McLeod v. Verizon N.Y., Inc., 995 F. Supp. 2d 134, 139 (E.D.N.Y. 2014) (collecting cases).

Local 53 argues that both of the claims asserted against it must fail because La Grande was only a probationary employee at the time of his termination; the CBA applicable in this case permitted BBU a ninety-day period in which to "discharge the newly hired employee if he or she is found to be unsuitable." According to Local 53, it is only after this probationary period is completed that "the employee takes on the status of a permanent employee and shall not be discharged except as hereinafter provided."

This argument is sufficient to dispose of La Grande's failure-to-arbitrate claim related to his termination. Because a probationary employee is not entitled to the protection of the arbitration process under the plain terms of the CBA, the Local 53 cannot have breached its duty of fair representation by failing to initiate that process on his behalf. Cf. Perero, 151 F. Supp. 3d at 285 ("It is clear that 'the duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance.'").

In a similar vein, La Grande's failure-to-grieve claim must also be dismissed. Plaintiff asserts that he complained to Rohan regarding instances of race discrimination occurring at BBU during his probationary period and that the union took no action on his behalf. Generally speaking, however, unions do not advocate for probationary employees. See, e.g., Trigg v. N.Y.C. Transit Auth., 50 F. App'x 458, 460 (2d Cir. 2002) (summary order) (concluding similar allegation was insufficient as a matter of law). Plaintiff's complaint fails to suggest either that the Local 53 adopted a different practice or that white employees were treated differently on this particular issue. Accordingly, plaintiff's claims against the Local 53 will be dismissed.

## V. CONCLUSION

La Grande's Title VII claims remain against BBU.  However, to the extent plaintiff has attempted to assert other claims or name other defendants, those claims and defendants are dismissed for the reasons set forth above.

Therefore, it is

ORDERED that

1. The Local 53 defendants' motion to dismiss is GRANTED;

2. The International Union defendants' motion to dismiss is GRANTED;

3. The BBU defendants' motion to dismiss is GRANTED in part and DENIED in part;

4. All claims against Cummings, Rohan, Montminy, Shirron, Dewitt, Bush, Phillips, Frutchey, and Lezatte are DISMISSED;

5. La Grande's Title VII claims against BBU remain; and

6. The BBU defendants' request for a stay is DENIED as moot.

**La Grande is warned that his failure to comply with any future orders from the Court will not be tolerated.  Non-compliance will result in sanctions that may include dismissal of the remainder of this action with prejudice**.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 26, 2016
Utica, New York.